IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMALIA HERNANDEZ PERALES, | No. C 09-06028 SI |
| Petitioner, | **ORDER GRANTING PETITIONER'S MOTION FOR A STAY OF EXECUTION OF REMOVAL ORDER** |
| v. | |
| JANET NAPOLITANO, et al., | |
| Respondents. | |

Petitioner Amalia Hernandez Perales has filed a motion to stay enforcement or execution of an outstanding final order of removal. This matter is currently set for hearing on January 15, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court GRANTS petitioner's motion.

**BACKGROUND**

Petitioner, a native and citizen of Mexico, entered the United States without lawful admission in December 1990. Petitioner is the mother of three United States citizen children, ages 13, 8, and 7. Her 8-year-old daughter was recently diagnosed with autism, and her 7-year-old daughter has speech and learning difficulties. Petitioner is subject to a final order of removal and seeks a stay of the removal order pending the Court's disposition of her petition for writ of habeas corpus.

The history of petitioner's past proceedings before the immigration and federal courts is long and convoluted. In 2000, ten years after her initial entry into this country, petitioner contacted an attorney with the hope of legalizing her immigration status. The attorney filed an asylum application

on petitioner's behalf. After the application was denied by an asylum officer, the government issued a Notice to Appear ("NTA") ordering petitioner to appear in immigration court to answer a charge of removability as an alien present in the United States without admission or parole. *See* 8 U.S.C. § 1182(a)(6)(A)(I). Petitioner filed applications for cancellation of removal and voluntary departure.

In October 2003, the Immigration Judge ("IJ") denied petitioner's application for cancellation of removal and granted voluntary departure. In March 2005, the BIA affirmed the IJ's denial of relief. Petitioner then filed a motion to reopen her removal proceedings in order to present new evidence regarding her daughter's disability, which the BIA denied in June 2005. Petitioner filed a petition for review with the Ninth Circuit, which was dismissed in June 2006 for lack of jurisdiction. The court extended petitioner's voluntary departure period until July 5, 2006.

Thereafter, petitioner retained new counsel, who filed a second motion to reopen in order to present new evidence, in January 2008. The BIA denied the motion as untimely and declined to exercise its discretion to reopen the removal proceedings sua sponte, noting that petitioner's failure to comply with her voluntary departure order rendered her ineligible for the relief she sought. Petitioner then filed another pro se petition for review by the Ninth Circuit. The government moved for remand back to the BIA due to procedural errors. The Ninth Circuit granted the unopposed motion and remanded to the BIA on September 3, 2008.

On November 21, 2008, the BIA issued a new decision denying petitioner's motion to reopen on the ground she was ineligible for the relief she sought (asylum and withholding of removal). According to petitioner, although she attempted to contact her attorney to set up a meeting to discuss filing a petition for review with the Ninth Circuit, her attorney failed to return her calls and did not file a timely petition. Instead, in January 2009, the attorney filed a "Motion to Reissue Decision" with the BIA, seeking to have the BIA reissue its November 2008 decision so that petitioner could file a timely petition for review. The BIA denied the motion in February 2009, and petitioner sought review of that decision by the Ninth Circuit. In October 2009, the Ninth Circuit denied the petition, holding that the BIA had not abused its discretion in denying reissuance of its decision where petitioner admitted she had received notice of the BIA's November 2008 order.

Petitioner filed a petition for writ of habeas corpus in this Court on December 24, 2009, seeking

an order directing the BIA to reissue its March 2005 and November 2008 decisions. The crux of petitioner's claim is that she was prevented by ineffective assistance of counsel from filing timely petitions for judicial review of the BIA's March 2005 and November 2008 decisions; petitioner therefore seeks reissuance of those decisions to permit her to seek judicial review now. Presently before the Court is petitioner's motion to stay enforcement of her removal order pending the Court's disposition of her habeas petition.

**LEGAL STANDARD**

A motion for a stay of removal is evaluated using standards similar to those employed in ruling on a motion for a preliminary injunction. *Abbassi v. INS*, 143 F.3d 513, 514 (9th Cir. 1998). The Court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 129 S. Ct. 1749, 1756 (2009) (citation omitted). Because these "traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules." *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987).

**DISCUSSION**

Respondents oppose the stay on two grounds: first, that petitioner failed to exhaust her administrative and judicial remedies, and second, that petitioner has not set forth plausible grounds for relief in her habeas petition.[1] The Court will address respondents' exhaustion argument first.

It is well-settled in the Ninth Circuit that an immigration petitioner seeking to advance a claim of ineffective assistance of counsel, whether through a direct petition for review in the Ninth Circuit or a habeas petition in the district court, is required as a prudential matter to exhaust her administrative remedies. *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). "A motion to reopen is the procedural vehicle through which a petitioner may bring, usually for the first time, an ineffective assistance of

---

[1] Respondent initially argued that the Court lacks jurisdiction over petitioner's suit under the REAL ID Act of 2005, Pub. L. No. 109-13, but has since withdrawn that position.

3

counsel claim before the BIA." *Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1123 (9th Cir. 2000). Where the petitioner has not raised her ineffective assistance claim in a motion to reopen before the BIA, Ninth Circuit law states that she has failed to exhaust her administrative remedies with respect to that claim and may not assert it in federal court. *Liu v. Waters*, 55 F.3d 421, 426 (1995) ("A petitioner must make a motion for the BIA to reopen before we will hold that he has exhausted his claims.").

Petitioner does not dispute that she has not raised her ineffective assistance claim before the BIA in a motion to reopen. Rather, she contends that the prudential exhaustion requirement does not apply in her case because the BIA lacks jurisdiction to hear claims of ineffective assistance arising from counsel's conduct after a final order of removal has already been entered. Petitioner therefore states that there were no administrative remedies for her to exhaust. Although the Attorney General has issued a decision stating that the BIA has the "power to consider claims of ineffective assistance of counsel based on conduct of counsel that occurred after a final order of removal had been entered," *Matter of Compean*, 25 I. & N. Dec. 1, 3 (A.G. 2009), petitioner challenges the constitutionality of that decision.

The Court expresses no opinion at this stage regarding whether petitioner was required to exhaust her ineffective assistance claim before the BIA.[2] Even assuming that an exhaustion requirement does apply, however, the Court finds that petitioner is entitled to a stay of removal pending disposition of her claims. Respondents do not contest that petitioner would be irreparably injured if removed to Mexico, that the government will suffer no great prejudice as a result of a temporary stay, or that the public interest favors consideration of the merits of plaintiff's claims. *See Nken*, 129 S. Ct. at 1756. Because the factors considered in ruling on a motion for stay of removal therefore tilt in petitioner's favor, the Court GRANTS the motion for a stay of execution of the removal order.[3]

Removal is hereby STAYED for the duration of the pendency of proceedings in this Court. In the event the Court rules that petitioner is required to exhaust her administrative remedies by filing a

---

[2] The Court wishes to receive further briefing from the parties in the context of ruling on the habeas petition before reaching any decision on this issue.

[3] Because the Court concludes that petitioner is entitled to a stay based on the second, third, and fourth *Nken* factors, the Court need not consider respondents' contentions regarding the merits of petitioner's ineffective assistance claims. These claims may be considered in ruling on the habeas petition.

4

motion to reopen with the BIA, removal is stayed until such time as the BIA has issued a decision and petitioner has had an opportunity to file a timely petition for review and motion for stay of removal with the Ninth Circuit.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS petitioner's motion for a stay of removal (Docket No. 2).

**IT IS SO ORDERED.**

Dated: January 13, 2010

SUSAN ILLSTON
United States District Judge